142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Enrique Lopez MADURA; Josephine Doliente Madura; Adelfa
Doliente Madura, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70892.
INS Nos Aky-gqe-mad, Agt-fjm-ouh, Apa-czz-zrl.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Enrique Lopez Madura, his wife, Josefina Doliente Madura, and his daughter, Adelfa Doliente Madura, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's denial of their applications for asylum and withholding of deportation.[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[2] and we deny the petition.
 
 
 3
 We review factual determinations concerning a petitioner's eligibility for asylum under a substantial evidence standard. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). We must uphold the BIA's decision unless the evidence compels a contrary result. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
 
 
 4
 Substantial evidence supports the BIA's finding that the threats Madura received were a direct result of his employment as a homicide detective for the Philippine National Police, and were not persecution on account of an enumerated ground. See Chanco v. INS, 82 F.3d 298, 302-03 (9th Cir.1996) (citing Matter of Fuentes, 19 I. & N. Dec. 658, 661 (1988) (stating that dangers faced due to employment as police officer do not constitute persecution on account of enumerated ground)).
 
 
 5
 Because Madura failed to satisfy the standard for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. See de Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the applications of his wife and daughter are derivative of his own, we only address the merits of his petition
 
 
 [2]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a(a). See IIRIRA § 309(c)(1)